IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PRESTIGE FLAG MFG. CO., INC.,
a California corporation,

    *Plaintiff*,

GOLF SOLUTIONS 1, LLC,
a Wisconsin limited liability company doing business as Laser Link Golf,

    *Defendant*.

Civil Action No. 3:18-cv-98

**JURY TRIAL DEMANDED**

## ~~JOINT PROPOSED~~ PROTECTIVE ORDER

Plaintiff Prestige Flag Mfg. Co., Inc. ("Prestige") and Defendant Golf Solutions I, LLC ("Golf Solutions") (collectively, "the Parties"), have agreed to the terms in this Joint Proposed Protective Order. The Parties have moved that the Court enter this Protective Order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the Parties, the public, and the Court. Accordingly, it is **ORDERED**:

### I. Scope

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively, "Documents"), shall be subject to this Order concerning Protected Information, as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## II. Definitions

### A. Discovery Material

As used in this Order, the term "Discovery Material" includes all information contained in at least Documents, things, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, letters between parties, briefs, affidavits, stipulations, and any other written, recorded, computerized electronic, transcribed or graphic matter produced or provided by any party or non-party or obtained by any party during discovery or in connection with Rule 26(a) disclosures in this action, and any copies, digests, and complete or partial summaries thereof. The terms "Document" or "Documents" shall have the same meaning as used in the Federal Rules of Civil Procedure, including, but not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, computer files, disks, affidavits, briefs, pleadings, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or document requests, and motions, including copies or computer-stored versions of any of the foregoing, as well as anything meeting the definition of a "writing" as used in Fed. R. Evid. 1001.

### B. Protected Information

As used in this Order, "Protected Information" means any Discovery Material that the Disclosing Party in good faith designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or pursuant to this Order, and any excerpts of such information included in other Documents.

### C. Producing Party

As used in this Order, "Producing Party" mean any party or third party who provides and/or designates Discovery Material.

### D. Receiving Party

As used in this Order, "Receiving Party" means any party who receives Discovery Material from a Producing Party.

### E. Outside Counsel

As used in this Order, "Outside Counsel" means persons who appear on the pleadings as counsel for a Producing Party or Receiving Party in this litigation, as well as the partners, associates, and staff (including, but not limited to, technical advisors) of such counsel to whom it is reasonably necessary to disclose such information for this litigation.

### F. "CONFIDENTIAL"

As used in this Order, the designation "CONFIDENTIAL" means and applies to: information, Documents, and things concerning a Party's business operations, processes and technical and development information, the disclosure of which is likely to harm that Party's competitive position or which would contravene an obligation of confidentiality to a third person or to a Court, that the Producing Party, (a) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (b) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy. Such information or Documents shall be shielded from public access and used only for purposes of this litigation.

### G. "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

As used in this Order, the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" means and applies to information or material that qualifies as "CONFIDENTIAL" that contains current or future trade secrets, financial or business information, and/or other information that is more sensitive and strategic than CONFIDENTIAL information. The information so designated shall only include information that (i) is not in the public domain; (ii)

has been held in confidence by the Producing Party; (iii) has significant competitive value such that unrestricted disclosure to others would create a substantial risk of significant competitive injury; (iv) the Producing Party believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law; (v) includes data derived from such information or material, including any summaries, compilations, quotes, or paraphrases; and/or (vi) contains information, including identifying information, relating to third party customers/dealers/vendors of a Party. Such information shall be shielded from public access and access by the Parties, and used only for purposes of this litigation.

**III.     Time and Manner of Designation**

    **A.     Time of Designation**

Except as otherwise provided in Paragraph IV(D) below, designation of Discovery Material as Protected under Paragraphs II(F) or (G) shall be made at the following times:

(1)     For Documents and things, prior to or at the time of the production of the Document;

(2)     For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

(3)     For any form of testimony, either (i) at the time that such testimony is given, or (ii) within thirty (30) calendar days after the receipt of the transcript of such testimony by the Producing Party. Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Producing Party, all testimony will be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If no further designation is made, the testimony will remain so designated.

**B.     Manner of Designation**

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," in the following manner:

(1)     For Documents, on each page of such document;

(2)     For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the Parties;

(3)     For declarations, written discovery responses, court filing or pleadings, on the face of such document and on each page thereof;

(4)     For testimony, Outside Counsel for either party may designate on the record at the deposition. Outside Counsel may also designate on each page of the designated testimony and any exhibit on which a witness gives the testimony.

(5)     All information not reduced to documentary, tangible, or physical form or that cannot be conveniently designated shall be in writing and by any other means deemed appropriate by the Producing Party (*e.g.*, database tags, file names, or other reasonable means); and designated by informing the Receiving Party of the designation

(6)     To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, the Receiving Party shall mark such copies with the appropriate confidentiality designations. When Documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the Documents. In the event that the Receiving Party prints Documents from such medium, the Receiving Party shall mark each such page of the Documents with the appropriate designation.

### C. Non-Party Discovery

(1) The Parties recognize that, during the course of this case, nonparties may be called upon to produce Protected Information. In such a case, the non-party who must produce such Protected Information is considered to be a Producing Party, protected under this Protective Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

(2) A non-party's use of this Protective Order to designate Protected Information does not entitle that non-party access to any other Protected Information produced by any other party or non-party.

### IV. Use and Disclosure Of Protected Information

Protected Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons involved in this litigation for any purpose whatsoever other than in this litigation, including any appeal thereof. Protected Information exchanged during this litigation shall not be used for any business purpose or in connection with any other legal proceeding, including the litigation involving the same parties.

### A. Disclosure of "CONFIDENTIAL" Information

"CONFIDENTIAL" Documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Producing Party or upon order of the Court:

(1) Outside Counsel;

(2) Independent litigation support services who have executed the Confidentiality Statement attached as Exhibit A or an agreement providing at least as much protection as the Confidentiality Statement attached as Exhibit A, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document

imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(3)  The Court and its personnel;

(4)  Outside Consultants, including expert witnesses, or consulting experts retained for the purpose of this litigation. "Outside Consultants" means any outside person (and their support personnel) who is (a) not an employee, officer, or director of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, or employee of a party or of a competitor of a party, and (b) who is identified as an expert whose opinions may be presented at trial of this case, or is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof. Such Outside Consultants must first sign the Confidentiality Statement attached as Exhibit A. The Party obtaining the Confidentiality Statement must serve it on the other Party at least ten days before the first disclosure of Protected Information, along with a written identification of the Outside Consultant and a copy of his or her curriculum vitae. If the other Party has good cause to object to the disclosure (not including challenging the qualifications of the expert witness or consulting expert), it must serve the Party obtaining the Confidentiality Statement with a written objection within ten days after service of the Confidentiality Statement and related materials. Unless the Parties resolve the dispute within a reasonable time, the Party obtaining the Confidentiality Statement must move the Court for a ruling, and the Protected Information may not be disclosed to the Outside Consultant, prior to obtaining the Court's approval.

(5) In-house counsel who have responsibility for making decisions dealing directly with the litigation of this Action and/or who are assisting outside counsel in the litigation of this Action, and their legal staff, provided such counsel and legal staff have signed the Confidentiality Statement attached as Exhibit A to this Order; and

(6) Additional representatives designated by the Receiving Party and consented to by the Producing Party, and who have signed the Confidentiality Statement attached as Exhibit A to this Order (the Producing Party shall not unreasonably withhold such consent, and the Requesting Party may seek leave of Court to designate such additional representative(s) if the Requesting Party believes the other party has unreasonably withheld such consent).

### B. Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

Disclosure of Discovery Material that is designated "CONFIDENTIAL –ATTORNEYS' EYES ONLY" may be made only to the Court, if filed under seal, and the individuals designated in Sections IV.A(1)–(5).

### C. Outside Counsel Communication with Client

Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Information, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Confidentiality Order.

### D. Inadvertent Failure to Designate

The inadvertent failure by a Producing Party to designate Discovery Material as Protected Information with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery

Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Information with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Information with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Information, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

### E. Control of Documents

Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

### F. Filing Under Seal

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Information in connection with a motion, brief or other submission to the Court must comply with the Western District of Wisconsin Local Rules.

### G. No Greater Protection of Specific Documents

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

### H. Resolution of Disputes Regarding Designation

The designation of any material or Document as Protected Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(1) *Meet and Confer.* A party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within five (5) business days.

(2) *Judicial Intervention.* A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

## V. Use of Protected Information at Trial

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another

party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**VI.     Protected Information Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or Document designated in this action as Protected Information, the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. The Producing Party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Information by the other party to this case.

## VII. Obligations on Conclusion of Litigation

### A. Order Continues in Force

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

### B. Obligations at Conclusion of Litigation

Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Protected Information under this Order, including copies of such information, shall be returned to the Producing Party unless: (1) the Protected Information has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.

## VIII. Persons Bound

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

## IX. Miscellaneous

### A. No Prior Judicial Determination

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

### B. No Admissions or Agreements

The designation of any material as Protected Information in accordance with this Protective Order is intended to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

### C. Modification

This Order may be modified by this Court for good cause shown or by mutual written agreement between the Parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case.

### D. No Probative Value

This Confidentiality Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as Protected Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. The Confidentiality Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated as Protected Information under this Confidentiality Order shall not be deemed to be determinative of what a trier of fact may determine to actually be Protected Information. This Confidentiality Order shall be without prejudice to the right of any party to bring before the Court questions regarding: (1) whether any particular material is or is not properly designated; or (2) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Confidentiality Order, provided that in doing so, the party complies with the

procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

E.  **Protections for Expert Discovery**

In addition to the Expert Discovery requirements and protections provided by the Federal Rules, including Rule 26, the Parties agree to the following additional protections:

(a) Oral and written communication between an Outside Consultant for any party or parties, and the party or parties, or their attorneys or representatives employing such Outside Consultant, which are made in connection with their engagement for this case are not discoverable and need not be preserved, except to the extent that the expert relies upon them for his opinions;

(b) Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this action are not discoverable and need not be preserved;

(c) All notes, memoranda and other writings of an Outside Consultant that are prepared in connection with their engagement for this case are not discoverable and need not be preserved, except to the extent that an expert relies upon them for his opinions, consults them, or refreshes his or her memory with them while testifying at a deposition or at trial; and

(d) No party will argue or suggest at trial that any Outside Consultant should have produced discovery, e.g., that the expert should have produced draft reports, beyond what is required under this section.

F. **Privilege Logs**

The Parties agree that there is no duty to disclose privileged documents or information. Further, the Parties agree that neither side need exchange privilege logs identifying privileged documents or protected work product generated on or after December 19, 2017.

G. **Continuing Jurisdiction**

This Confidentiality Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by Order of the Court or by agreement of the Parties. This Court shall retain jurisdiction over the Parties and any other person who has had access to Protected Information pursuant to this Confidentiality Order, in order to enforce the provisions of this Confidentiality Order.

**IT IS SO ORDERED.**

Dated: 5-23-18

~~U.S. District Judge~~
U.S. Magistrate Judge

WE SO MOVE
and agree to abide by the
terms of this Order

/s/ *Bradley C. Graveline*
Signature

Bradley C. Graveline
Printed Name

Counsel for: Prestige Flag Mfg. Co., Inc.

Dated: May 23, 2018

WE SO MOVE
and agree to abide by
the terms of this Order

/s/ *Maxwell J. Petersen*
Signature

Maxwell J. Petersen
Printed Name

Counsel for: Golf Solutions I, LLC

Dated: May 23, 2018

**EXHIBIT A**

EXHIBIT A

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

PRESTIGE FLAG MFG. CO., INC.,
a California corporation,

*Plaintiff,*

GOLF SOLUTIONS 1, LLC,
A Wisconsin limited liability company doing
business as Laser Link Golf,

*Defendant.*

Civil Action No. 3:18-cv-98

PATENT CASE

JURY TRIAL DEMANDED

## CONFIDENTIALITY STATEMENT

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I am fully familiar with and agree to comply with and be bound by the provisions of the Protective Order entered in the above-captioned litigation. I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the manner set forth in the Protective Order and no less than in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Protected Information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

# EXHIBIT A

5. I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this action any information obtained pursuant to said Protective Order, except as provided in said Protective Order or as otherwise allowed by the United States District Court for the Western District of Wisconsin. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.

6. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Western District of Wisconsin with respect to any proceeding relative to the enforcement of the Protective Order.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

_____
Printed Name

_____
Dated