IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRESTIGE FLAG MFG. CO. INC.,

              Plaintiff,

  v.

GOLF SOLUTIONS I, LLC.,

              Defendant.

OPINION & ORDER

18-cv-98-jdp

---

The parties to this case are competitors in the golf rangefinder business. Plaintiff Prestige Flag Mfg. Co., Inc., accuses defendant Golf Solutions I, LLC, of patent infringement and unfair competition. At the heart of the case is Golf Solution's Beacon reflector, which is affixed to the top of the flag that marks the hole so that golfers can measure the distance to the hole with a laser device. Prestige contends that the Beacon reflector is essentially a knock off of its own reflector designs. Golf Solutions moves to dismiss the complaint under Rule 12(b)(6) on the grounds that each cause of action fails to state a claim for which relief can be granted. Dkt. 8. A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint; it is not the vehicle to get a quick resolution of factual disputes, even if the claims are substantively weak. The court will deny the motion.

I start with allegations that the Beacon reflector infringes two design patents, No. D564,405 and No. D546,243. According to Golf Solutions, the differences between Prestige's patented designs and the accused Beacon reflector are so manifestly clear that I should decide the case at the pleading stage. The patented designs are longer than the Beacon; the patented designs are cylindrical, whereas the Beacon has a pentagonal shape.[1] And,

---

[1] In the complaint, Dkt. 1, the patent figures in Table 1 are distorted, which makes the designs

according to Golf Solutions, there is prior art that is more similar to the patented designs than the Beacon is.

Golf Solutions cites two cases to support its contention that I should decide the matter on the pleadings: *Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009); and *Legler v. Exxel Outdoors, Inc.*, No. 13-C-668, 2014 WL 3727566 (E.D. Wis. July 29, 2014). These cases show that a district court could dismiss a design patent case on the pleadings, but they certainly don't suggest that a court should do so routinely. And neither of these cases are particularly informative about the design patent infringement issues in this case. The standard is whether the claimed design and the accused product would appear substantially the same to an ordinary observer who is familiar with the prior art. *Egyptian Goddess, Inc., v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). This is a question of fact on which the patent holder bears the burden of proof. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010). Prestige may not have a particularly strong infringement case, but Golf Solutions has not persuaded me that I can decide the issue as a matter of law.

I turn to the allegation that Golf Solutions infringes a utility patent, No. 7,215,412. Golf Solutions contends that Prestige cannot prevail because the accused Beacon reflector does not have three required claim elements: a "rod surface"; multiple reflectors on the rod surface; and reflectors on the rod surface arranged in a plurality of rows. Golf Solutions cites two cases in support of its request that I decide infringement on the pleadings: *Desenberg v. Google, Inc.*,

---

appear shorter and fatter, and thus more similar to the accused product. Golf Solutions contends that the distortion was intentionally misleading. One would expect that Prestige, faced with such a serious allegation, would explain how the distortion happened. But Prestige says only that "any differences in appearance of the figures likely resulted from the copying process." Dkt. 14, at 19. Both sides are warned that I expect scrupulous honesty in all future communications to the court and to each other.

392 F. App'x 868, 869 (Fed. Cir. 2010); and *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1344 (Fed. Cir. 2012). These cases show that sometimes complaint does not adequately allege infringement and dismissal is then appropriate. But neither of these cases suggest that a district court should do a quick-and-dirty claim construction and decide disputed facts on the pleadings as "the most expedient remedy," as Golf Solutions suggests. Dkt. 8, at 16.

I will not construe the term "rod surface" on the basis of the record before me now, which I would have to do before deciding whether any of the claim elements cited by Golf Solutions were actually absent in the Beacon reflector. *The Medicines Co. v. Hospira, Inc.*, 881 F.3d 1347, 1350 (Fed. Cir. 2018) ("Because claim language defines claim scope, the first step in an infringement analysis is to construe the claims." (quoting *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1324 (Fed. Cir. 2003))). And Prestige alleges infringement under the doctrine of equivalents, Dkt. 1, ¶ 38, which might mean that the Beacon reflector infringes even if the rod surface is not literally present. Golf Solutions has not addressed the doctrine of equivalents at all. Again, Prestige may have a weak infringement case, but I am not going to decide it on the pleadings.

Finally, I turn to the unfair competition claims. Golf Solutions contends that Prestige makes allegations of copying that are undercut by the differences between Prestige's own products and the Beacon reflector. Again, this is a factual dispute that I cannot resolve on the pleadings. And in any case, copying is not a required element of an unfair competition claim. So even without the copying allegation, the unfair competition claims would survive.

The court will not decide this case on the pleadings. But if Prestige's case is as weak as Golf Solutions now contends, then Golf Solutions can invoke 35 U.S.C. § 285 and ask for an award of attorney fees at the conclusion of the case.

ORDER

Defendant Golf Solutions I, LLC's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), Dkt. 8, is DENIED.

Entered June 28, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge