IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PRESTIGE FLAG MFG. CO. INC.,

                Plaintiff,

v.

GOLF SOLUTIONS I, LLC,

                Defendant.

ORDER

18-cv-98-jdp

      This patent suit is off to a rough start. Before the court are defendant's motion to compel discovery, Dkt. 32, and plaintiff's motion to substitute counsel. Dkt. 33. Ordinarily these would be routine matters handled by Judge Crocker with his usual efficient aplomb. But as his text order, Dkt. 38, explains, the two pending motions touch on substantive issues, and they are symptoms of more serious problems, so the matters are before me for resolution.

      I held an extended telephonic hearing on the motions on September 12. My overarching message to counsel for both sides should be clear: cease the incivility and begin working cooperatively to get this case decided on the merits. Your conduct so far has wasted your clients' money and the court's time. Here is a summary of my rulings.

      Defendant's motion to compel is granted with respect to plaintiff's infringement contentions and contention interrogatories. By September 21, plaintiff must supplement its infringement contentions with a proper claim chart that illustrates or explains how and where it finds the limitations of each asserted claim. It must also supplement its responses to the corresponding contention interrogatories.

      The court will, for the most part, deny defendant's motion to compel production of documents. Many of the requests are vaguely worded, overly broad, and needlessly redundant.

But more important, the motion is moot because the parties agreed that plaintiff will substantially complete document production by a date certain, which the court extended to September 21. In view of the upcoming deadline to disclose proposed claim constructions, defendant may identify categories of documents that relate to claim construction. If defendant does so, plaintiff should make a good faith effort to expedite production of those documents before September 21.

The court agrees with defendants, however, that plaintiff's boilerplate objections are inappropriate. Plaintiff may not state that it will produce documents if they exist; plaintiff must inform defendants whether it has responsive documents. And if plaintiff withholds documents on the basis of privilege, it must so state and provide a privilege log of the withheld documents so that defendants can ascertain whether the asserted privilege is justified. Given that defendant's requests for production have their own problems, I will allow plaintiffs to make the required supplement in any form that reasonably complies with the requirements of this paragraph. The supplement is due by September 21, 2018.

The court will not grant defendant's request to order that plaintiff submit to depositions by a deadline. The court will leave it to the parties to confer about the timing of depositions and the scope of the topics for any Rule 30(b)(6) deposition, heeding the court's advice at the hearing.

The court will grant plaintiff's motion to substitute counsel. Plaintiff is entitled to counsel of its choice, and the request by plaintiff's new counsel, Pamela Chalk, for a modest extension of time was reasonable and did not jeopardize the case schedule.

Finally, the court orders all counsel who have appeared in this case (except for plaintiff's out-going counsel) to submit an affidavit by September 21, attesting that they have read and

agree to abide by the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit. Additional attorneys who appear in this case must submit their affidavits within two weeks of their appearance.

Both sides are responsible for the difficulties to this point, so I won't shift fees this time. If counsel continue to fall short of expected professional standards, the court will order them to retain local counsel.

ORDER

IT IS ORDERED that:

1. Defendant's motion to compel is GRANTED in part and DENIED in part;

2. Plaintiff's motion to substitute counsel is GRANTED;

3. All current counsel of record must submit the required affidavits to the court by September 21, 2018.

Entered September 13, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge