IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRESTIGE FLAG MFG. CO. INC.,

                      Plaintiff,

v.                                         ORDER

GOLF SOLUTIONS I, LLC,              18-cv-98-jdp

                      Defendant.

---

The parties are once again before the court with a discovery dispute that reasonable counsel should be able manage without court intervention. Defendant has filed a motion, Dkt. 52, to enforce the court's previous discovery order, Dkt. 42. The court did not ask for a reply, but defendant filed one anyway. Dkt. 54. The unsolicited reply should have been attached to a request to file it. But the reply clarifies what issues are still disputed, so the court will accept it.

The remaining dispute concerns defendant's request for a Rule 30(b)(6) deposition, for which plaintiff has not yet provided acceptable dates. The court will grant defendant's motion in part and order the parties to proceed as follows. Defendant is to serve a new notice of deposition, revising the topics as suggested by the court at the previous hearing. The date and time for the deposition, which defendant may select during business hours at its convenience, should be at least 14 days after service of the notice. The place of the deposition will be at plaintiff's offices, unless the parties agree otherwise. If plaintiff objects to the topics or the date of the deposition, the parties should confer in good faith to resolve their differences. If the parties cannot resolve their differences, one or both of them should file an appropriate motion well before the date for which the deposition is noticed. But be forewarned: at least one party

will be ordered to engage local counsel if such a motion is filed. Until the parties agree or the court orders otherwise, the deposition will proceed as noticed.

Defendant will not complete the deposition before the October 19, 2018 deadline for exchanging proposed claim constructions. The court does not believe that defendant needs the deposition to propose its claim constructions, so that deadline is not moving. But if defendant's counsel thinks that something learned in the deposition warrants a change in a proposed claim construction, the court would be inclined to allow it. Of course, this is another issue that could be worked out among reasonable counsel, but the court will consider a motion if one is needed.

Neither side has behaved particularly well so far in this case. But based on the correspondence submitted in connection with the current motion, most of the blame for the current impasse falls to plaintiff. Plaintiff's counsel was evasive about whether the document production was complete, and given the modest scale of the document production, the difficulties in accomplishing it were unwarranted. Plaintiff's counsel was also obstructive on providing dates for the deposition. So the court will order that plaintiff pay defendant's reasonable actual attorney fees and expenses in bringing this motion. The parties are encouraged agree on the amount to spare the parties and the court the effort and expense of litigating it. In the absence of agreement, defendant must adhere to the court's guidance regarding fee requests. *See* Dkt. 16, at 48.

ORDER

IT IS ORDERED that:

1. Defendant's motion to enforce the court's September 13, 2018 order is GRANTED in part as provided above.

2. Plaintiff will bear defendant's expenses in bringing the motion.

Entered October 10, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge